*P. W. Hardin*, for appellant.
*Owen & Ellis*, for appellee.

---

## COMMONWEALTH *v.* BRUCE.

### (*Court of Appeals of Kentucky, November 17, 1880.*)

APPEAL BY THE COMMONWEALTH. In a criminal prosecution judgment of acquittal may be reviewed on the appeal of the Commonwealth, for the purpose of securing a uniform and correct administration of justice, although the judgment cannot be reversed.

HOUSE BREAKING. As a general rule, where there is internal communication between the apartment broken into, and the room into which the accused is charged to have feloniously entered, such entry completes the offense—the case being analogous to burglary under the common law.

HINES, J.

This is an appeal from a verdict and judgment of acquittal on an indictment for house-breaking, the penalty of which is confinement in the penitentiary from one to five years.

The first question is as to the power of this Court to review the rulings of the lower Court upon judgment of acquittal in felony cases. It was held in *Commonwealth* v. *Cain*, 14 Bush, and we now hold, that such judgments may be reviewed on the

appeal of the Commonwealth for the purpose of securing a uniform and correct administration of justice, although the judgment cannot be reversed. This, we think, is the proper construction to be given to Sections 335, 337, and 339 of the Criminal Code.

The specification in the indictment is to the effect that appellee broke and entered into a certain storehouse with the felonious intent to steal therefrom. The evidence showed that the accused entered the cellar under the storeroom by removing a grate on the street which gave entrance to the cellar. The evidence further showed that there was a communication through a hatchway to the store, and that the cellar was used to store goods.

The Court instructed the jury that, if they believed from the evidence that the grating removed by the accused was not a part of the storehouse, they should acquit. The only question is as to the correctness of that instruction.

Whether the place of ingress in such cases, which are analagous to burglaries at common law, is a part of the house charged to have been broken into, is a question of law for the Court, and not a question of fact proper to be submitted to the finding of a jury, and, therefore, if as a matter of law the grating removed was a part of the storehouse, it was the duty of the Court to tell the jury that such entry was a breaking within the meaning of the statute. As a general rule, where there is internal communication between the room or apartment broken into and the room or building into which the accused is charged to have feloniously entered, such entry completes the offense denounced by the statute so far as the act of breaking and entering is concerned. (Bishop on Statutory Crimes, Sec. 282.) In this case there was such internal communication, and the facts of the case are within the rule stated.

The judgment of the lower Court must stand, but the Clerk will certify this opinion as containing the law of the case.

*P. W. Hardin*, for appellant.